**Erick JACKSON, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 02–4242.

United States Court of Appeals, Sixth Circuit.

June 9, 2004.

---

Alan J. Pfeuffer, Federal Public Defender's Office, Columbus, OH, for Petitioner–Appellant.

Salvador A. Dominguez, U.S. Attorney's Office, Columbus, OH, for Respondent–Appellee.

Before: KENNEDY, MARTIN, and ROGERS, Circuit Judges.

KENNEDY, Judge.

Petitioner Erick Jackson appeals from the district court's denial of his § 2255 motion which asserts a claim of ineffective assistance of counsel. Because we agree with the district court that, even assuming that his counsel's performance was deficient, Petitioner failed to show the necessary prejudice, we **AFFIRM**.

## BACKGROUND

On February 16, 1994, Petitioner was charged by indictment with one count of conspiracy to possess with the intent to distribute more than 500 grams of cocaine and/or more than 5 grams of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), 841(b)(1)(B)(iii), and 846. Fourteen co-defendants were also charged with various offenses. On January 6, 1994. Petitioner was arraigned, pled not guilty, and was represented by court-appointed counsel, Jonathan A. Woodman.[1] At all times prior to the start of the trial.[2] Petitioner main-

1. Prior to taking on this appointment. Mr. Woodman had been in practice for eight months. This was his first appointment and first federal felony case. He had never tried a felony case solo.

2. During the evidentiary hearing conducted by the magistrate judge. Petitioner provided conflicting statements regarding the timing of his admission of guilt to Woodman. *Compare* Evidentiary Hr'g at 31 ("Q: Was there a time when you admitted your guilt to Mr. Woodman? A: Yes. Q: Do you remember when

that was? A: I told him during one interview. I told him—I believe it was over the telephone after the trial had started, maybe the first or second day of trial.") *with* Evidentiary Hr'g at 37 ("Q: Mr. Jackson. I just wanted to clarify, because apparently it wasn't clear. You did admit guilt to your attorney at some point. A: Yes. Q: And that was before trial. A: Yes.") These conflicting statements, when viewed in light of the entire record, do not render clearly erroneous the magistrate judge's finding, adopted by the dis-

tained his innocence to his counsel and his unwillingness to plead guilty, if it meant that he had to cooperate with the government's case.[3] However, Petitioner did tell Woodman that he had information that could be useful to the government "if it were necessary to plead guilty and arrange a plea bargain." At all times during his discussions with the government about a possible plea bargain, Woodman assumed that Petitioner's cooperation was a necessary condition. He never actually asked the government about the possibility of a plea without cooperation. Petitioner was never told that the government was interested in his cooperation. Nor was he ever told by his attorney that he could have pled guilty and not cooperated with the government. Woodman repeatedly told Petitioner that his co-defendants were pleading guilty and cooperating, making Petitioner feel that if he also pled guilty, then he too would have to cooperate and testify against any remaining co-defendants.

At a pretrial meeting held in the courtroom the day before Petitioner's trial, at which Petitioner and Woodman were present, an attorney for a co-defendant asked the government whether the government's plea offers were still available for their clients. The government offered a sentence of seven years for a guilty plea to most of the co-defendants, including Petitioner. J.A. at 276. Woodman thought that in order for Petitioner to receive a sentence of seven years, he would have to provide assistance to the government. He, however, never actually asked the government for a clarification. Woodman was unsure whether the discussion was overheard by Petitioner because he was some distance away. When Woodman conveyed this plea offer to Petitioner, Petitioner rejected the offer, professed his innocence, and insisted on going to trial.

On November 17, 1994, after a jury trial, Petitioner was convicted of one count of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846. On June 7, 1995, Petitioner was sentenced to a term of 262 months of incarceration and four years of supervised release. After two different remands by this Court, the district court finally sentenced Petitioner to 235 months of incarceration and five years of supervised release.

On May 8, 2001, Petitioner filed the present motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The matter was referred to a magistrate judge for an evidentiary hearing with respect to the ineffective assistance of counsel claim as a result of an alleged failure to communicate the government's plea offer to Petitioner and an alleged failure to advise him he could plead guilty without cooperating. The magistrate judge found that Petitioner was not credible when he testified that he would have been willing to cooperate with the government in order to obtain a plea agreement. The magistrate judge also credited the testimony of Woodman. After the evidentiary hearing, the magistrate judge recommended that the claim be dismissed. The district court adopted the magistrate judge's report and recommendation and dismissed Petitioner's claims on September 23, 2002. On October 21, 2002. Petitioner filed a timely consolidated notice of appeal/motion for the issuance of certificate of appealability. On November

---

trict court, that Petitioner would have pled guilty had he been properly informed.

**3.** Petitioner testified he was afraid that his cooperation would endanger his own and his family's safety. He also felt that any "useful" testimony he had to offer would have been fabricated on his part.

6, 2002, the district court certified the following issue for appeal: "Was [Petitioner] denied effective assistance of counsel due to counsel's alleged failure to communicate the government's plea offer?"

## ANALYSIS

To show ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness and also that counsel's deficiencies prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the first prong of the *Strickland* test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The Court has cautioned that scrutiny of defense counsel's performance must be highly deferential" and that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689–90. To satisfy the second prong of the *Strickland* test, a defendant must show that there exists a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner appears to present three different grounds for his ineffective assistance of counsel claim. First, Petitioner insists that his counsel failed to inform him that he had the option of pleading guilty without having to cooperate with the government. Second, Petitioner insists that his counsel failed to communicate a plea bargain offer from the government that would have required a guilty plea *without*

cooperation in exchange for a term of seven or eight years.[4] Third, Petitioner insists that his counsel failed to ask the government whether or not the plea bargain offer was contingent on cooperation.

The district court reviewed the record and adopted the magistrate judge's report and recommendations. Our review of the record confirms that it would not have made a difference to Petitioner whether or not he was informed of the possibility (or availability) of a guilty plea without cooperation. After the trial, Petitioner's attorney suggested that he should accept responsibility for a small amount of cocaine because he had absolutely nothing to lose by accepting responsibility, and he potentially could receive a lesser sentence. Petitioner nevertheless steadfastly refused to admit his guilt. The magistrate judge found:

> [T]he Court rejects as unworthy of credit petitioner's assertions that his trial attorney failed to advise him of a plea **or that he would have pled guilty had he been properly informed by his trial counsel.**

This credibility finding is wholly consistent with the evidence before the magistrate judge and is certainly not clearly erroneous. Accordingly, without deciding whether any of the three actions (or inactions) by Woodman failed the first *Strickland* prong, we find that Petitioner failed to establish any prejudice to him.

## CONCLUSION

For the reasons stated above, we affirm the district court's denial of Petitioner's § 2255 motion.

---

**4.** It is clear that there was no such *explicit* offer. We do not decide whether or not there was an *implicit* offer based on the terms of

the plea because of our ultimate disposition of this case.